IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ENRICO CORNLEY, # 302159, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| | )   CASE NO. 2:18-cv-1007-WHA-JTA |
| v. | )               (WO) |
| | ) |
| KARLA JONES, et al., | ) |
| | ) |
|     Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 26, 2018, by Enrico Cornley, an Alabama inmate proceeding *pro se*. Doc. 1.[1] Cornley challenges his 2015 Montgomery County conviction for capital murder and his resulting sentence of life imprisonment without parole. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Cornley's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

## I.    BACKGROUND

**A.    State Criminal Conviction**

On August 27, 2015, a Montgomery County jury found Cornley guilty of capital murder, in violation of ALA. CODE § 13A-5-40(a)(18) (murder committed while shooting

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

from within a vehicle). Doc. 8-1. On that same date, the trial court sentenced Cornley to life imprisonment without parole. Doc. 8-2.

Cornley appealed, arguing that the trial court erred in refusing to instruct the jury regarding how it should consider a statement he gave to law enforcement. Doc. 8-3. On July 1, 2015, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by memorandum opinion. Doc. 8-5. Cornley's application for rehearing was overruled (Docs. 8-6, 8-7), and he filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 8-8). On September 16, 2016, the Alabama Supreme Court denied his petition for certiorari (Doc. 8-9), and a certificate of judgment issued on that date (Doc. 8-10).

**B.    State Post-Conviction Proceedings**

On September 1, 2017, Cornley filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 8-11 at 11–23. Cornley's Rule 32 petition raised claims of ineffective assistance of trial counsel. Doc. 8-11 at 19–23. On October 16, 2017, the trial court issued an order denying Cornley's Rule 32 petition. Doc. 8-11 at 42.

Cornley appealed and, on March 9, 2018, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying his Rule 32 petition. Doc. 8-14. Cornley's application for rehearing was overruled (Docs. 8-15, 8-16), and he filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 8-17). On May 11, 2018, the Alabama

---

[2] Cornley represented that he signed and mailed his Rule 32 petition on September 1, 2017. Doc. 8-11 at 17–18. This Court applies the "prison mailbox rule" in finding September 1, 2017, to be the filing date of the Rule 32 petition. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

Supreme Court denied his petition for certiorari (Doc. 8-18), and a certificate of judgment issued on that date (Doc. 8-19).

**C.     Federal Habeas Petition**

Cornley filed this § 2254 petition on November 26, 2018.[3] Doc. 1. In his petition, Cornley claims his trial counsel rendered ineffective assistance by failing to seek funds for an independent mental health expert after moving for, and receiving, a court-ordered mental evaluation.[4] *Id*. On May 27, 2020, Cornley filed an amendment to his § 2254 petition presenting a claim that the State failed to prove he intended to kill the victim. Doc. 16.

Respondents answer that Cornley's § 2254 petition and the claim in his amendment are time-barred under AEDPA's one-year limitation period. Docs. 8, 20.

## II.     DISCUSSION

**A.     AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] Cornley's § 2254 petition was stamped as received in this court on November 30, 2018. Doc. 1 at 1. Applying the "prison mailbox rule," the Court deems Cornley's petition to be filed on the date he represents that he delivered it to prison authorities for mailing, *i.e.*, November 26, 2018. *Id.* at 15. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[4] This is one of the claims of ineffective assistance of counsel raised by Cornley in his Alabama Rule 32 petition. Doc. 8-11 at 19–21.

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). After the Alabama Court of Criminal Appeals affirmed Cornley's conviction and sentence by memorandum opinion (Doc. 8-5), Cornley sought rehearing in that court and certiorari review in the Alabama Supreme Court. On September 16, 2016, the Alabama Supreme Court denied his petition for certiorari (Doc. 8-9); a certificate of judgment issued on that same date (Doc.

8-10). Because he sought certiorari review in Alabama's highest court, Cornley was allowed 90 days after the state court's September 16, 2016 issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Cornley filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on December 15, 2016 (i.e., 90 days after September 16, 2016). The one-year federal limitation period began to run on that date. *See* 28 U.S.C. § 2244(a)(1)(A). Absent statutory or equitable tolling, Cornley then had until December 15, 2017, to file his § 2254 petition. As discussed below, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA deadline for Cornley.

      1.     ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). On September 1, 2017, Cornley filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's limitation period. At that time, the one-year limitation period for filing a § 2254 petition had run for 260 days (i.e., from December 15, 2016 to September 1, 2017). The state Rule 32 proceedings concluded on May 11, 2018—when the Alabama Supreme Court issued a certificate of judgment in the

5

proceedings on the Rule 32 petition—starting AEDPA's clock running again. On May 11, 2018, Cornley had 105 days (i.e., 365 - 260) remaining to file a timely § 2254 petition. The AEDPA limitation ran unabated without a tolling event for those 105 days, expiring on August 24, 2018.

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Cornley by affording a different triggering date so that AEDPA's limitation period commenced on some date later than December 15, 2016, or expired (with statutory tolling under § 2244(d)(2)) on some date later than August 24, 2018. There is no evidence that an unlawful state action impeded Cornley from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Cornley submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Cornley also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for Cornley's § 2254 petition is the one in 28 U.S.C. § 2244(d)(1)(A). Under that provision, the AEDPA's statute of limitations expired on August 24, 2018. Cornley filed his § 2254 petition on November 26, 2018—94 days after the limitation period expired. Therefore, his petition is untimely. Likewise, his amendment, which he filed on May 27, 2020, is also untimely.[5]

---

[5] Cornley filed his amendment almost 21 months after the AEDPA's statute of limitations expired.

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Cornley offers the Court no basis for applying equitable tolling. His bare assertion that his petition should not be time-barred because he was mentally incompetent (Doc. 1 at 13) cannot establish his entitlement to equitable tolling. A petitioner arguing mental impairment as grounds for equitable tolling must establish that the mental impairment "prevented him from understanding his rights and obligations under the AEDPA and acting upon them in a timely fashion." *Hunter*, 587 F.3d at 1309. That is, a petitioner must make a showing sufficient to raise a factual issue as to whether "a causal connection exists between his mental incapacity and his ability to file a timely § 2254 petition." *Id*. Cornley's generalized assertion is insufficient to raise a factual issue as to whether his alleged mental incompetence caused the untimely filing of his § 2254 petition. Consequently, he is not entitled to equitable tolling, and his petition is time-barred by the AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1)(A).

## C. Actual Innocence

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Cornley asserts his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Doc. 22 at 2. However, he points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he references evidence adduced at trial and presented to the jury, which ultimately convicted him. Cornley's reference solely to testimony presented at trial concerns matters that definitionally do not constitute "new evidence." Essentially, he merely reargues the sufficiency of the State's evidence and the weight of the evidence he says shows he

8

committed, at most, the lesser-included offense of manslaughter. Doc. 22 at 1–2. Such arguments, predicated on Cornley's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Cornley fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). This case is not such a case. Because the actual-innocence exception does not apply, the claims in Cornley's time-barred § 2254 petition are not subject to federal habeas review.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Cornley's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **November 1, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of October, 2021.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE